UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **BURCH**, *et al.*,          ] | |
| ] | |
| **Plaintiffs,**          ] | |
| ] | |
| v.          ] | |
| ] | CV-03-BE-2990-E |
| **BLOCKBUSTER, INC.,**          ] | |
| ] | |
| **Defendant.**          ] | |

### MEMORANDUM OPINION

Before the court is Plaintiff's Motion to Strike Defendant's Evidence Consisting of Testimony from Non-parties at Another Trial (Doc. 51). For the reasons stated below, the court grants the motion.

### I. Facts and Procedural Background

Plaintiffs are suing Blockbuster because Donald Ray Wheat, a nonparty, murdered their decedents, brothers Joseph and Andrew Burch, in a Blockbuster store in Anniston. Plaintiffs claim that Blockbuster is liable for the deaths because its failure to maintain adequate security systems allowed Donald Wheat to kill the Burch brothers while he robbed the store.

On March, 25, 2005, Blockbuster filed a motion for summary judgment, arguing that the store had no duty protect the decedents from the unforseen criminal activity of a third party, and that the Plaintiffs can produce no evidence that Blockbuster's failure to maintain adequate security systems proximately caused the deaths of the Burch brothers. In support of its motion, Blockbuster submitted excerpts of transcripts of sworn testimony of numerous witnesses and Donald Wheat from the Donald Wheat's criminal trial. *See Doc*. 40, Exs. A-P. Arguing that the

trial testimony is inadmissible hearsay, Plaintiffs have moved to strike the testimony form the summary judgment record.

## II. Discussion

Courts cannot consider inadmissible hearsay evidence in ruling on motion for summary judgment. *See Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987). Blockbuster maintains that it may use the previous trial testimony because, it argues, a court may consider certified transcripts of trial testimony on a motion for summary judgment, and because the trial testimony is admissible under Federal Rule of Evidence 804(b).

**A. Admissibility of Sworn Testimony on a Motion for Summary Judgment**

As Blockbuster points out, a number of courts have held that, like affidavits, depositions, and answers to interrogatories, certified transcripts of prior trial testimony are properly considered in deciding motions for summary judgment. *See, e.g., Kelley v. Price-Macemon, Inc.*, 992 F.2d 1408, 1415 n.12 (5th Cir. 1993); *Arlie Found., Inc. v. United States*, 826 F. Supp. 537 (D.D.C. 1983) (citing *Int'l Distrib. Corp. v. Amer. Dist.,* 569 F.2d 136, 138 (D.C.Cir.1977)); *In re Hale*, 155 B.R. 730, 737 n.5 (S.D. Ohio 1993); *see also Bevene v.Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988). However, as with affidavits, depositions, and answers to interrogatories, trial testimony from other court proceedings is hearsay, *i.e.*, "a statement, other than one made by the declarant while testifying at the trial or hearing [at which it is offered], offered in evidence to prove the truth of the matter asserted." *See* Fed. R. Evid. 801. Therefore, as with other forms of sworn testimony, a transcript of trial testimony is admissible evidence on a summary judgment motion only if it can be presented at trial in an admissible form–for example, the declarant may be available to testify at trial, or the testimony may meet some exception to the

general prohibition on hearsay testimony. *See Int'l Distrib. Corp.,* 569 F.2d at 138; *see also Pritchard v. S. Co. Serv's.*, 92 F.3d 1130, 1135 (11th Cir. 1996) (holding that a party "cannot use inadmissable hearsay to defeat summary judgment when that hearsay will not be reducible to admissible form at trial"); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (holding that courts cannot properly consider hearsay evidence in ruling on motion for summary judgment).

The trial testimony at issue is the testimony of a number of witnesses from Donald Wheat's criminal trial, including Donald Wheat, who is now dead, and his accomplice, Tina Duke. *See* Doc. 40, Ex. 1. Except for its discussion of the Rule 804(b) hearsay exception, which the court rejects below, Blockbuster has made no attempt to show that any of the witnesses, none of whom are parties, will be available at trial, or that the testimony will otherwise be reducible to admissible form at trial. Therefore, the court will not consider the transcripts of the trial testimony in ruling on the motion for summary judgment.

**B. Admissibility Under Rule 804(b)**

Under the Federal Rules of Evidence, previous sworn testimony, though it is hearsay, is admissible (1) if the declarant is unavailable as a witness, and (2) "if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." *See* Fed. R. Evid. 804(b).

With the exception of Donald Ray Wheat, who is now undisputedly dead, the court has before it no information or evidence as to the availability of the witnesses whose trial testimony Blockbuster is now offering. Therefore, the court cannot admit Blockbuster's exhibits to

3

Document 40 A through L, and P, under Rule 804(b).

Donald Ray Wheat's former testimony, as well as the testimony of the other witnesses, is also not admissible under Rule 804(b) because Plaintiffs did not have the opportunity to examine Wheat at the criminal trial, and Blockbuster has not shown that the prosecutor was the Burches' "predecessor in interest in a civil action or proceeding." *See* Fed. R. Evid. 804 advisory committee's note; *see also* Fed. R. Evid. 804(b). Therefore, the court will not admit Donald Ray Wheat's testimony under Rule 804(b).

DONE and ORDERED this 15th day of July 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE