# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **BURCH,** *et al.*, ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | |
| ] | **CV-03-BE-2990-E** |
| **BLOCKBUSTER, INC.,** ] | |
| ] | |
| **Defendant.** ] | |
| ] | |
| ] | |

### MEMORANDUM OPINION

Before the court is Defendant Blockbuster's Motion to Strike the Affidavit of Andrew Housand. (Doc. 55). For the reasons stated below, the court denies the motion.

### I. Facts and Procedural Background

Plaintiffs are suing Blockbuster because Donald Ray Wheat, a nonparty, murdered their decedents, brothers Joseph and Andrew Burch, in a Blockbuster store in Anniston. Plaintiffs claim that Blockbuster is liable for the deaths because its failure to maintain adequate security systems allowed Donald Wheat to kill the Burch brothers while he robbed the store.

On March, 25, 2005, Blockbuster filed a motion for summary judgment, arguing that the store had no duty protect the decedents from the unforseen criminal activity of a third party, and that the Plaintiffs can produce no evidence that Blockbuster's failure to maintain adequate security systems proximately caused the deaths of the Burch brothers. In response to the motion for summary judgment, Plaintiffs submitted, *inter alia*, the affidavit of Blockbuster employee Andrew Housand. Plaintiff offered the affidavit to show that the store security cameras were

1

pointed not at the door, but at the cash registers; that the Anniston store experienced at least one assault and battery within the three years before the murder of the Burches; that Housand asked that security be increased; and that Blockbuster had notice of assaults on and threats to employees. *See Doc*. 49, Ex. A, *Plaintiff's Brief in Response to the Motion for Summary Judgment*, at 2-3; *Doc*. 60, *Plaintiff's Response to the Motion to Strike*, p.3, ¶ 5.

In the affidavit, Housand stated that, once within the three years prior to the Burch murders, he was "assaulted" by a shoplifter who shoved him out of the way as the shoplifter fled the store. *Doc*. 50, Ex. A, *Housand Affidavit*, ¶ 3b. Later, in deposition, Housand indicated that "assaulted" was not the correct word to describe the incident, in which a shoplifter brushed past him on the way out the door while stealing a stuffed Pikachu[1] toy. *See Doc*. 55, Ex. B, *Housand Deposition*, at 26-27. According to Housand, the incident "was definitely not an assault." *Id*. at 26.

Housand also stated in his affidavit that he was "concerned with the safety and security at the store and reported these concerns on numerous occasions to [his] superiors." *Doc*. 50, Ex. A, *Housand Affidavit*, ¶ 3e. Later in deposition, however, Housand testified that he had always felt safe at the store and that no specific incident had caused him to be concerned about safety. *See Doc*. 55, Ex. B, *Housand Deposition*, at 11-12.

Finally, Housand stated in the affidavit that "other employees were assaulted or threatened." *Doc*. 50, Ex. A, *Housand Affidavit*, ¶ 3d. However, when questioned at his deposition, Housand testified that he did not have personal knowledge of assaults involving other

---

[1] Pikachu is a Pokemon cartoon character. *See Doc*. 55, Ex. B, *Housand Deposition*, at 16. Pokemon is a trading card game and cartoon. *See Doc*. 55, Ex. B, *Housand Deposition*, at 16.

store employees, but that he was present when customers threatened employees because of late fees or a movie being out-of-stock.  *See Doc*. 55, Ex. B, *Housand Deposition*, at 27-33.

## II.  Discussion

Blockbuster moves to strike the affidavit because, Blockbuster argues, in deposition Housand contradicted his previous affidavit statements about a shoplifter assaulting him and about his safety concerns.  Blockbuster argues the court must strike an affidavit that contradicts deposition testimony, citing *Van T. Junkins & Associates, Inc v. U.S. Industries, Inc*., 736 F.2d 656,657 (11th Cir. 1984).  Blockbuster also moves to strike the affidavit because, Blockbuster argues, Housand's statements about assaults on other store employees were not based on personal knowledge.

### A.  Contradictions Between Housand's Affidavit and His Deposition Testimony

#### 1.  Use of the term "assault."

The parties do not dispute that a shoplifter shoved or brushed Housand out of the way as the shoplifter fled the store with a little yellow stuffed Pikachu toy.  *See Doc*. 55, Ex. B, *Housand Deposition*, at 16, 27.  The fact that the affidavit uses the term "assaulted" and that Housand later stated that "assaulted" was the incorrect term gives rise to an irrelevant issue of semantics, not a substantive contradiction.  The true nature of the incident–which is well-documented in the summary judgment record–and not whether the incident is properly called an "assault," is what is relevant to whether Blockbuster could have foreseen that an armed robber on a six-day killing spree would come into its Anniston store and brutally murder its customers.

As a lay person, Housand, who was never shown to have any knowledge or guidance as to the various legal definitions of the term "assault," clearly thought "assault" overstated the

gravity of the incident.  *See Doc.* 55, Ex. B, *Housand Deposition*, at 26-27.  However, the incident may well constitute a classic "assault" in the tort law sense.  Therefore, Blockbuster has not shown that Housand's disagreement at his deposition with the affidavit's use of the term "assault" constitutes a true contradiction, and the court will not strike the affidavit for contradicting Housand's deposition testimony.  However, the court will consider Housand's deposition testimony explaining the incident.

### 2.  Concerns for Safety

Blockbuster has shown no contradiction between Housand's affidavit and his deposition testimony as to his safety concerns.  Housand could easily have been "concerned with the safety and security at the store and reported these concerns on numerous occasions to [his] superiors" *see Doc.* 50*,* Ex. A, *Housand Affidavit*, ¶ 3e, even though he had always felt safe at the store and no specific incident had caused him to be concerned about safety.   *See Doc.* 55, Ex. B, *Housand Deposition*, at 11-12.  Therefore, the court will not strike the affidavit for contradicting Housand's deposition testimony in this regard.

### B.  Hearsay

The court denies the motion to strike insofar as it relates to hearsay.  Housand's statement that other employees were assaulted is clearly <u>not</u> supported by personal knowledge.  *See  Doc.* 55, Ex. B, *Housand Deposition*, at 27-28.  However, Plaintiffs state that they are offering the statement not for the truth of the matter asserted, but to show that Housand notified Blockbuster of the problem of assaults on employees.  Therefore, the court will not strike the reference to assaults on employees in the affidavit, but will consider that reference only as it relates to Housand notifying Blockbuster of the problem of assaults on employees, not as proof of past

assaults on other employees.

Housand's statement in paragraph 3d that other employees "were threatened" appears to have been based on personal knowledge. *See Doc*. 55, Ex. B, *Housand Deposition*, at 29-33 (explaining that Housand saw irate customers threaten employees over late fees or movies being out of stock). Therefore, the court may consider the affidavit's reference to threats to other employees as proof that some irate customers threatened other employees.

DONE and ORDERED this 15th day of July 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE