UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JOSEPH NELSON BURCH, *et al.*,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | |
| ] | CV-03-BE-2990-E |
| **BLOCKBUSTER, INC.,** ] | |
| ] | |
| **Defendant.** ] | |
| ] | |
| ] | |

**MEMORANDUM OPINION**

Before the court is Defendant Blockbuster's Motion for Summary Judgment (Doc. 40). Both sides have thoroughly briefed the issue. *See* Doc. 41, *Blockbuster's Brief in Support of its Motion for Summary Judgment*; *See* Doc. 49, *Plaintiffs' Response to Motion for Summary Judgment*; Doc. 56, *Blockbuster's Reply Brief*. For the reasons stated below, the court grants the motion and dismisses the case with prejudice.

**I. Facts**

On May 15, 2005, while Donald Ray Wheat, who is not a party to this lawsuit, was robbing the Anniston Blockbuster store and slaying the employees working there at the time, Blockbuster customers Joseph and Andrew Burch arrived at the store. *See Complaint*, Doc. 1, ¶¶ 7, 8; *see also* the Defendant's Statement of Facts, set forth in *Blockbuster's Motion for Summary Judgement*, Doc. 41, pp. 5-6. After the Burch brothers went inside the store, Donald Ray Wheat brutally attacked and murdered them. *See Complaint*, Doc. 1, ¶ 10; *see also* the Defendant's

1

Statement of Facts, set forth in *Blockbuster's Brief in Support of Motion for Summary Judgment*, Doc. 41, pp. 5-6.[1]

Viewing the facts in the light most favorable to the Plaintiffs, at the time Wheat murdered the Burch brothers, Blockbuster's security cameras were not pointed at the door. *See* Doc. 49, *Plaintiffs' Response to Motion for Summary Judgment*, at p. 2; Doc. 50, Ex. A, Housand Affidivit, ¶ 3(g).

## II. Procedural Background and the Parties' Positions

In their complaint, Plaintiffs bring claims of negligence, wantonness, breach of duty of reasonable care, and spoliation of evidence. *See* Doc. 1, *Complaint*. Plaintiffs allege that Blockbuster is liable for the deaths of their decedents, brothers Joseph and Andrew Burch, because Blockbuster's failure to maintain adequate security systems allowed Donald Wheat to kill the Burch brothers. On March, 29, 2004, the court dismissed the claim for spoliation of evidence. *See* Doc. 18, *Order Granting Motion to Dismiss Count Four of the Complaint*.

On March, 25, 2005, Blockbuster filed a motion for summary judgment on all remaining claims, arguing that the store had no duty protect the decedents from the unforseen criminal activity of a third party, and that, without expert testimony, the Plaintiffs can produce no evidence that Blockbuster's alleged failure to maintain adequate security systems proximately caused the deaths of the Burch brothers.

---

[1]The only *evidence* presented on summary judgment as to the circumstances of the murders was transcript testimony from a number of witnesses at Donald Ray Wheat's criminal trial, which the court has stricken from the Summary Judgment Record. *See* Doc. 63, *Order on Motion to Strike Criminal Trial Testimony*. Nevertheless, the Defendant's briefs and the Plaintiff's brief, as well as the allegations in the Plaintiff's Complaint, clearly demonstrate that the parties do not dispute that Donald Ray Wheat shot the Burch brothers as he robbed the store and murdered the store employees.

Joy Lebo, the former manager of the Anniston store, testified as follows at her deposition:

> Q: [I]f I understand your testimony, the reason why you weren't as concerned about somebody coming out and stealing from the outside is when they walk in, the camera gets their picture, so that's what's going to prevent them from doing it?
>
> A: And the first thing when you walk in the front door, I mean, you have a camera in your face.
>
> Q: That's how it was in Anniston, correct?
>
> A: Yes, it was.

*See* Doc. 50, Ex. B, Joy Lebo Depo. at 31-32.  Based on the above testimony, Plaintiffs argue that Blockbuster assumed a duty to protect customers from the criminal acts of third parties because it tried to deter criminals from entering the store by pointing security cameras at the door, and that it breached that duty by failing to point the security cameras at the door.  *See* Doc. 49, *Plaintiffs' Response to Motion for Summary Judgment*, p. 4 (quoting Doc. 50, Ex. B, Joy Lebo Depo. at 31-32). Plaintiffs further argue that Blockbuster's failure to point the security cameras at the door proximately caused the Burch brothers' deaths because Donald Wheat would not have entered the store in the first place had the cameras been pointing at the door.  *See* Doc. 49, *Plaintiffs' Response to Motion for Summary Judgment*, pp. 4-5.

### III.  Standard of Review

When a district court reviews a motion for summary judgment under Federal Rule of Civil Procedure 56, it must determine two things: (1) whether any genuine issues of material fact exist; and, if not, (2) whether the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 (c).  To succeed, the moving party bears the burden of establishing both prongs of the

3

summary judgment test. The nonmoving party may defeat the motion for summary judgment by establishing <u>either</u> genuine issues of material fact <u>or</u> that the movant is not entitled to judgment as a matter of law.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986) (quoting Fed. R. Civ. P. 56). The party seeking summary judgment can meet this burden by offering evidence showing no dispute of material fact, or by showing that the nonmoving party's evidence fails to meet some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. Rule 56, however, does not require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." 477 U.S. at 323.

When the moving party has met its burden, Rule 56 (e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P 56 (e)). The responding party does not need to present evidence in a form admissible at trial; "however, he may not merely rest on [its] pleadings." 477 U.S. at 324. "The plain language of Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In responding to a properly-supported motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 , 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989).

In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the nonmoving party presented sufficient evidence on which the jury could reasonably find for the nonmovant. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1998). The court should not weigh the evidence, nor make determinations as to the credibility of witnesses because these decisions fall to the province of the jury. *See Anderson*, 477 U.S. at 255; *Stewart v. Booker T. Washington Ins. Co.*, 232 F.3d 844, 848 (11th Cir. 2000); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Thus, "the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Graham*, 193 F.3d at1282 (quoting *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n. 12 (11th Cir. 1988)). After both parties have addressed the motion for summary judgment, the court must grant the motion <u>if</u> no genuine issues of material fact exist <u>and if</u> the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c).

Finally, though a federal court must apply federal procedural law in every case, including federal law regarding standard of review on summary judgment, in a diversity case such as this one, the court must apply the substantive law of the state in which it sits when deciding nonprocedural legal questions, such as the existence of a duty. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

### III. Discussion

The critical question to be determined in a case such as this one where a plaintiff seeks to impose liability on a defendant is whether the defendant owed the plaintiff a duty of protection from those criminal acts. "[T]he existence of a duty is a question of law to be determined by the trial judge." *Tenn Tom Bldg. v. Olen, Nicholas & Copeland, P.C.,* No. 1030967, 2005 WL 435124, *2 (Ala. Feb 25, 2005) (quoting *State Farm Fire & Cas. Co. v. Owen*, 729 So. 2d 834, 839 (Ala. 1998)). In Alabama, a person has no duty to protect another from criminal acts of a third party, except when either "special circumstances" or a "special relationship" exists. *Ala. Dept. of Corr. v. Thompson*, 855 So. 2d 1016, 1021-22 (Ala. 2003) (quoting *Moye v. A.G. Gaston Motels, Inc.*, 499 So. 2d 1368, 1370 (Ala. 1986)). The court is convinced from the extensive arguments in Blockbuster's brief in support of its motion that neither the special circumstances nor the special relationship exception exists here.

Plaintiffs do not contest Blockbuster's arguments that the special circumstances and special relationship exceptions do not apply. Instead, the Plaintiffs argue that, even if Blockbuster initially owed no duty to protect the Burches from Donald Wheat's criminal acts, by "voluntarily [taking] steps to protect customers and employees[,] including placing a camera or cameras in the store facing the door" to deter criminals from entering, Blockbuster assumed the

duty "to protect customers and employees." *See* Doc. 49, *Plaintiff's Response to Motion for Summary Judgment*, p. 4; *see also King v. Nat'l Spa & Pool Inst., Inc.*, 570 So. 2d 612, 614 (Ala. 1990) (holding that, under Alabama law, if a person assumes a duty that otherwise would not exist, the person is thereafter charged with the duty to act with due care).

Plaintiff's only evidence of Blockbuster's use of cameras to deter crime came from the deposition of Joy Lebo, the former manager of the Anniston store:

> Q: [I]f I understand your testimony, the reason why you weren't as concerned about somebody coming out and stealing from the outside is when they walk in, the camera gets their picture, so that's what's going to prevent them from doing it?
>
> A: And the first thing when you walk in the front door, I mean, you have a camera in your face.
>
> Q: That's how it was in Anniston, correct?
>
> A: Yes, it was.

*See* Doc. 49, *Plaintiff's Response to Motion for Summary Judgment*, p. 4 (quoting Doc. 50, Ex. B, *Joy Lebo Depo*. at 31-32).

The record contains no evidence that Blockbuster employed the security cameras to deter anything other than "stealing"–and Joy Lebo stated that she did not expect the cameras to absolutely deter theft. In considering the context of the statements cited by the Plaintiffs, the court notes that, almost immediately prior to those statements, Lebo also testified as follows:

> [E]xternal theft is a possibility, but employee theft is more likely to happen. However, you know, you have cameras, and they take mug shots when a person's going to come in and steal from you, knowing that their mug shot is right there in plain view, they are going to do it anyway. A person who has a volition to come in and do such a crime is going to come in and do it anyway.

*See* Doc. 50, Ex. B, *Joy Lebo Depo*. at 30.

Though Blockbuster evidently intended to use the cameras to provide <u>itself</u> with some measure of protection from criminal activity, <u>nowhere</u> in the record has the court found <u>any</u> evidence that Blockbuster undertook through its security measures to assume the duty it did not otherwise owe: the duty *to protect others* from the criminal acts of a third party. Moreover, the Plaintiffs have produced no authority, and the court has found none, to establish that Alabama courts have ever held that, merely by using routine security measures like security cameras, a defendant automatically undertakes a duty of reasonable care to ensure that those security measures protect others from the criminal acts of third parties.

Because Plaintiff's proof fails to establish circumstances under any recognized theory to impose on Blockbuster a duty to protect, Blockbuster is entitled to judgment as a matter of law. The court does not need to address the arguments as to proximate cause because Blockbuster is entitled to summary judgment based on the fact that it owed no duty to protect the Burches from Donald Wheat.

### IV. Conclusion

No genuine issue of material fact exists that Blockbuster did not assume a duty to protect the others from the criminal acts of third parties. Blockbuster is entitled to judgment as a matter of law that it owed no duty to protect the Burch brothers from Donald Wheat's criminal acts. Therefore, the court grants summary judgment in favor of Blockbuster on all remaining claims in Plaintiff's complaint, all of which would require Blockbuster to owe such a duty before Blockbuster could be held liable under them. Accordingly, the court dismisses this case with prejudice.

DONE and ORDERED this 15th day of July 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE